## CIRCUIT COURT OF ROANOKE COUNTY

Rosemary Ellis-Landau

v.

William Jack Landau

February 20, 2003

Case No. CH01-394

BY JUDGE ROBERT P. DOHERTY, JR.

Retired parties, who were long time companions, married in 1998. Wife sold her house and moved into Husband's house, but later, after receiving $30,000.00 from Husband, purchased another house where the parties lived until their separation. Wife claims that the $30,000.00 was a gift, as evidenced by a long standing agreement between the parties and as evidenced by a "gift affidavit" signed by the Husband when the Wife applied for her first mortgage purchase money loan. Wife contends that the money is her separate property. Husband, who is now incompetent, argues through his guardian ad litem and through his lawyer that the $30,000.00 is presumed to be marital property pursuant to § 20-107.3, Code of Virginia (1950), as amended, and should be subject to division in equitable distribution. The Court finds in favor of the Wife.

It is basic to the scheme of equitable distribution in this Commonwealth that property acquired by either of the parties during marriage, except for property acquired by inheritance, gift from someone other than one's spouse, or property received in exchange for separate property, is presumed to be marital property and subject to division between the parties in the event of a divorce. See Va. Code § 20-107.3(A). In order to rebut this presumption, the one claiming the gift must show by credible

evidence that the donor intended the gift to be the separate property of the donee. *Stainback v. Stainback*, 11 Va. App. 13, 18 (1990). That can be accomplished by proving by clear and convincing evidence: "(1) the intention on the part of the donor to make the gift; (2) delivery or transfer of the gift; and (3) acceptance of the gift by the donee." *Theismann v. Theismann*, 22 Va. App. 557, 566 (1996).

The uncontested evidence in this case is that the parties agreed that they would each keep the separate property they had prior to marriage but that they would periodically put small amounts of money into a joint account to cover their living expenses. It shortly became necessary to use larger sums of money to maintain, repair, and remodel the Husband's house and to take vacations. As a convenience only, they used the Wife's separate funds for these expenses, subject to the Husband's promise to repay them from his separate assets. When it was decided that Husband would sell his house and the Wife would purchase a new home from her separate funds in which the parties would reside, the subject of the repayment of these funds came up. The parties then decided that rather than to try to make an exact repayment to the Wife as previously agreed, the Husband would instead make a gift of money to her from his separate funds in the amount of $30,000.00, which would place her in exactly the same financial position with respect to her separate property as she had been prior to marriage. Those funds were used by the Wife to pay a portion of the cost of the new home. When she applied for a purchase money loan, the lender required that the source of the $30,000.00 be disclosed. It was then that the Husband signed the affidavit affirming to the lender that the monies that he had given the Wife "are a bona fide gift and no repayment is expected or implied."

Upon the evidence presented *ore tenus*, the Court is satisfied by clear and convincing evidence that it was the intent of the donor Husband to make a completed gift of $30,000.00 from his separate property to the donee Wife. It was the intent of both parties that those funds would thereafter become the Wife's separate property, free from all claims and controls of the Husband, the same as if it were her sole separate estate in equity. Delivery and acceptance of the gift occurred. Wife has borne her burden of proof and rebutted the statutory presumption that the money was deemed to be marital property. Accordingly, the Court finds that the $30,000.00 in question is the separate property of the Wife. It is not subject to division in equitable distribution.